**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

MAGISTRATE JUDGE _____

| | | |
|---|---|---|
| ANTHONY VAUGHN, | ) | Civil No. _____ |
| Petitioner, | ) | Crim. No. 01-10352-MEL |
| | ) | Judge Lasker |
| -vs- | ) | **03  12492 MEL** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MOTION TO VACATE SENTENCE |
| Respondent. | ) | UNDER  28 U.S.C. Section 2255 |

NOW COMES Anthony Vaughn (hereinafter "Petitioner"), acting in pro per, and respectfully moves to vacate his sentence under 28 U.S.C. Section 2255, which provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States... may move the Court which imposed the sentence to vacate, set aside or correct the sentence."

A brief in support of said motion is attached hereto and incorporated herein by reference.

Respectfully submitted,

*Anthony Vaughn*
Anthony Vaughn
Reg. No. 23919-038
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

SCANNED

DATE: 12-4-03

BY: Kim

## BRIEF

On October 3, 2001, Petitioner and co-defendants Russell Rose and Juarez Stanley were indicted in the District of Massachusetts on one count of conspiracy to possess cocaine with the intent to distribute it in violation of 21 U.S.C. Section 846, and one count of possession of cocaine with the intent to distribute it in violation of 21 U.S.C. Section 841 (a) (1) and 18 U.S.C. Section 2.

On October 5, 2001, Petitioner was arrested by agents of the Drug Enforcement Administration ("DEA"), and appeared in United States District Court, at Boston, before United States Magistrate Judge Bowler for an initial appearance. The Magistrate order Petitioner detained pending a detention hearing. Thereafter, on February 4, 2002, Magistrate Bowler ordered Petitioner detained.

On April 11, 2002, Petitioner appeared before this Honorable Court and entered a plea of guilty to the possession of cocaine with intent to distribute charge. The government agreed to dismiss the conspiracy count pursuant to the plea agreement. This Court ordered a presentence investigation report to be prepared by the probation department.

The United States Probation Office, in its presentence report, calculated Petitioner's criminal history as a category II, which represents the probation department allocating a total of three (3) criminal history points to Petitioner.

Glasser v. United States, 315 U.S. 60 (1942); McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970) (Sixth Amendment right to counsel is right to effective assistance of counsel).

As interpreted by the Supreme Court, the Sixth Amendment's guarantee that "in all criminal prosecutions, the accused shall enjoy the right... to have the assistance of counsel for his defense" applies to every "critical stage" in a criminal prosecution. See e.g., Gerstein v. Pugh, 420 U.S. 103, 121-123 (1975); Coleman v. Alabama, 399 U.S. 1, 9 (1970); United States v. Wade, 388 U.S. 218, 225 (1967). Sentencing is one of the most important stages of the criminal process which requires effective assistance of counsel. United States v. Mateo, 950 F.2d 44 (1st Cir. 1991).

The cause and prejudice test established by the Supreme Court in United States v. Frady, 456 U.S. 152 (1982), does not apply when a defendant is alleging ineffective assistance of counsel in a Section 2255 motion. See United States v. DeRewal, 10 F.3d 100, 104 (3d Cir. 1993); United States v. Galloway, 56 F.3d 1239 (10th Cir. 1995); United States v. Breckenridge, 93 F.3d 132 (4th Cir. 1996); Massaro v. United States, 123 S. ct. 1690 (2003).

The Application Instructions for the United States Federal Guidelines, set forth in U.S.S.G. Section 1B1.1, explain that after a sentencing court determines the offense level, the defendant's criminal history category, and the applicable guideline range, it then refers to certain provisions for "Specific Offender Characteristics and Departures" and "any other policy statement or commentary in

5

imposing sentence." A guidelines policy statement, U.S.S.G. Section 4A1.3, specifically addresses the adequacy of a criminal - history category's reflection of a defendant's past criminal conduct. See also, U.S.S.G. Ch 5, Pt. H , intro. comment. and Section 5H1.8 (stating that criminal history is relevant in determining if sentence should be outside applicable guideline range). Section 4A1.3 explicitly recognizes that a defendant's criminal history category may "significantly over-represent [] the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." U.S.S.G. Section 4A1.3, (policy statement). In such cases, the sentencing court may consider a downward departure. Id. Also see United States v. Lindia, 82 F.3d 1154, 1165 (1st Cir. 1996); United States v. Webb, 139 F.3d 1390 (11th Cir. 1998).

In the present case, Petitioner had three (3) prior misdemeanor offenses. (See Presentence Investigation Report).

The first, Fall River District Court Docket No. 9732CR3403, charged Petitioner with illegal possession of a Class D controlled substance, to wit, marijuana.

The second, Falmouth District Court Docket No. 9789CR002069, charged Petitioner with possession of a Class D substance, to wit, marijuana.

The third, a second Falmouth District Court matter, Docket No. 9889CR001639 a-c, charged Petitioner respectively with assault and battery with a dangerous weapon, which was dismissed at the request

6

of the Commonwealth, malicious destruction of property over two hundred and fifty dollars ($250.00), and threat to commit a crime.

At sentencing, Petitioner's counsel argued that the prior convictions should not be counted in determining Petitioner's Criminal History Category because said prior convictions were continued without a finding and then dismissed. (See Sent. Tr.).

Prior to the sentencing hearing, Petitioner requested that counsel move for a downward departure based on the fact that his criminal history category significantly over-represented the seriousness of his criminal history. Counsel advised Petitioner that he believed his arguments would prevail, but if he lost said arguments he would move for a downward departure. (Exhibit A). Counsel failed to do so and Petitioner was sentenced to one hundred and sixty-eight (168) months imprisonment. This was clearly ineffective assistance of counsel which resulted in prejudice therefrom.

On August 27, 2002, after review of the presentence report and after hearing and reading arguments advanced by both the Petitioner and the government, this Court reluctantly found that a criminal history category III was proper. (Sent. Tr. p. 33). This Court went on to state:

> ... I do believe that Mr. Wilson has raised some significant questions with regard to the state convictions. I'm not prepared on the basis of law, as I understand it, to say that those convictions cannot be counted or should not be counted here. But I think that you've raised questions which ought to be part of an appeal from this sentence. (Sent. Tr. 33).

7

I wish to advise you, Mr. Vaughn, that you have the right to appeal from this sentence. And I'm sure that... Mr. Wilson... understands what to do. And I encourage the defendant to appeal with regard to my findings but particularly with regard to the question of the significance of the state sentence. They may reduce the sentence, and God bless you, I hope they will. (Sent. Tr. 35-36).

If counsel had moved for a downward departure based on the fact that Petitioner's criminal history category significantly over-represented the seriousness of his criminal history, it is highly probable that this Court would have lowered Petitioner's sentence. See United States v. Mateo, 950 F.2d 44 (1st Cir. 1991) (sentencing is one of the most important stages of the criminal process which requires effective assistance of counsel). Also see United States v. Lindia, 82 F.3d 1154, 1165 (1st Cir. 1996) (Court may consider downward departure when criminal history category significantly over-represents seriousness of criminal history); United States v. Webb, 139 F.3d 1390 (11th Cir. 1998) (same). Thus, Petitioner's counsel provided ineffective assistance for failing to move for a downward departure after advising Petitioner that he would do so if his arguments failed.

Based on all of the above, this Court should vacate Petitioner's sentence and order a new sentencing hearing.

## RELIEF

WHEREFORE, in light of the above, Petitioner respectfully requests the following relief:

1) Appoint counsel to represent Petitioner and file a

8

supplemental brief.

    2)   Order an evidentiary hearing;

    3)   Vacate Petitioner's sentence and order a new sentencing hearing; and

    4)   Grant Petitioner such further relief as this Court deems fair and just.

Respectfully submitted,

_Anthony Vaughn_
Anthony Vaughn
Reg. No. 23919-038
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

## DECLARATION

I declare under penalty of perjury that the above is true and correct to the best of my knowledge, information and belief pursuant to 28 U.S.C. Section 1746.

Dated: November 23, 2003.

_Anthony Vaughn_
Anthony Vaughn

9

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing this ___23rd___ day of ___November___, 2003, was served upon the following:

John A. Wortmann, Jr.
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210

_Anthony Vaugh_
Anthony Vaughn

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY VAUGHN,                    )  Civil No. _____
                Petitioner,        )  Crim. No. 01-1-352-MEL
                                   )  Judge Lasker
    -vs-                           )
                                   )
UNITED STATES OF AMERICA,          )
                Respondent.        )
                                      AFFIDAVIT OF ANTHONY VAUGHN


State of Pennsylvania)ss.
County of Union       )

Anthony Vaughn, being first duly sworn, deposes and states as follows:

1) I am the Defendant-Petitioner in the above entitled case.

2) I was represented by Barry P. Wilson regarding the above entitled criminal case.

3) Prior to my sentencing hearing, I requested Mr. Wilson to move for a downward departure based on the fact that my criminal history category significantly over-represented the seriousness of my criminal history.

4) Mr. Wilson advised me that he believed his arguments at sentencing would prevail, but if he lost said arguments he would move for a downward departure.

5) After Mr. Wilson lost his arguments in the district court, he failed to move for a downward departure on my behalf.

I declare under penalty of perjury that the above is true and


Exhibit A

correct to the best of my knowledge, information and belief
pursuant to 28 U.S.C. Section 1746.


Dated: November 23, 2003.


_Anthony Vaughn_
Anthony Vaughn

2