IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTHONY VAUGHN, | ) | Civil No. 03-12492-MEL |
| Petitioner, | ) | Crim. No. 01-10352-MEL |
| | ) | Judge Lasker |
| -vs- | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | PETITIONER'S TRAVERSE |
| Respondent. | ) | TO GOVERNMENT'S RESPONSE |
| | ) | TO 2255 MOTION |

Now comes Anthony Vaughn (hereinafter "Petitioner"), acting in pro per, and hereby submits the instant traverse to the government's response to his 2255 motion filed under 28 USC Section 2255.

I.  PETITIONER HAD INEFFECTIVE ASSISTANCE
    OF COUNSEL AT SENTENCING WHEN COUNSEL
    FAILED TO MOVE FOR A DOWNWARD DEPARTURE
    BASED ON THE FACT THAT PETITIONER'S
    CRIMINAL HISTORY CATEGORY SIGNIFICANTLY
    OVER-REPRESENTED THE SERIOUSNESS OF
    HIS CRIMINAL HISTORY.

In his 2255 motion, Petitioner argued that he had ineffective assistance of counsel at sentencing when counsel failed to move for a downward departure -- after Petitioner advised counsel to do so -- based on the fact that Petitioner's criminal history category significantly over-represented the seriousness of his criminal history. (2255 at 4-9).

In its response, the government argues that the departure issue has already been raised and denied, therefore the issue is

barred by the "law of the case" doctrine, and additionally, that no basis for departure existed. (Gov. response at 16-19). Petitioner respectfully disagrees.

Petitioner's counsel argued that he should not receive any criminal history points for three (3) prior state misdemeanor offenses because said offenses were all continued without a finding and then later dismissed. (See Sent. Tr. attached to Gov. response as Exhibit 2). At no time did counsel argue that this Court should downward depart based on the fact that Petitioner's criminal history category significantly over-represented the seriousness of his criminal history. Id. Moreover, counsel has admitted his mistake in an affidavit attached hereto. (Exhibit 1). Therefore, the government's first argument is without merit.

The government's second argument is also meritless. The government cites numerous cases involving upward departures. (Gov. response at 17-19). However, all of the cases cited by the government are distinguishable from Petitioner's case. See United States v. Dixon, 318 F.3d 585, 589 (4th Cir. 2003) (upward departure warranted based on four pending charges, three of which were narcotics trafficking); United State v. Fahm, 13 F.3d 447, 451 (1st Cir. 1994) (committed numerous offenses while on bail for instant charge); United States v. Shrader, 56 F.3d 288, 293 (1st Cir. 1995) (seven prior DWI convictions, one of which was committed while on bail); United States v. Dzielinski, 914 F.2d 98 (7th Cir. 1990) (threatened use of purported gun and plastic explosives in commission of bank

2

robberies); <u>United States</u> v. <u>Hardy</u>, 99 F.3d 1242 (1st Cir. 1996) (persistent ten-year history of violent antisocial behavior, as well as dangerousness of conduct underlying offenses); <u>United States</u> v. <u>Caldwell</u>, 219 F.3d 1186 (10th Cir. 2000) (severe criminal history); <u>Harris</u> v. <u>Collins</u>, 990 F.2d 185 (5th Cir. 1993) (same).

In contrast, Petitioner had three minor misdemeanor offenses, two for possession of a minuscule amount of marijuana, and another for malicious destruction of property over two hundred and fifty dollars ($250.00). The First Circuit and numerous other circuits have allowed downward departures in a case like this. <u>See United States</u> v. <u>Lindia</u>, 82 F.3d 1154 (1st Cir. 1996); <u>United States</u> v. <u>Webb</u>, 139 F.3d 1390 (11th Cir. 1998); <u>United States</u> v. <u>Shoupe</u>, 35 F.3d 835, 839 (3rd Cir. 1994) ("[W]here a defendant's offense level has been augmented by the career offender provision, a sentencing court may depart downward in both the criminal history and offense level categories under Section 4A1.3"); <u>United States</u> v. <u>Clark</u>, 8 F.3d 839, 843 (D.C. Cir. 1993) ("The circuits that have confronted the issue unanimously agree that the policy statement in Section 4A1.3 permits a downward departure... Thus the district court was well within its legal authority in basing its downward departure on this factor.")

In this case, Petitioner receive a very severe sentence based on three minor misdemeanors. Therefore, this Court would be well within its legal authority to downward depart.

Based on all of the above, this Court should vacate Petitioner's

sentence and order a new sentencing hearing.

Respectfully submitted,

_____
Anthony Vaughn
Reg. No. 23919-038
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing this 9th day of April, 2004, was served upon the following:

John A. Wortmann
Assistant U.S. Attorney
One Courthouse Way
Boston, MA 02210

_____
Anthony Vaughn